UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

TRAVIS LAPLANT,

                              Plaintiff,

         v.                                              9:25-CV-0674
                                                         (AMN/PJE)

NEW YORK STATE POLICE
OFFICER  JOHN DOE,

                              Defendant.

---

APPEARANCES:

TRAVIS LAPLANT
Plaintiff, pro se
**Last Known Address**
Warren County Correctional Facility
1400 State Route 9
Lake George, NY 12845

ANNE M. NARDACCI
United States District Judge

## DECISION and ORDER

## I.      INTRODUCTION

Plaintiff Travis LaPlant commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in forma pauperis ("IFP").  Dkt. No. 1 ("Compl."); Dkt. No. 2 ("IFP Application").  By Decision and Order entered on July 8, 2025, this Court granted plaintiff's IFP Application, and following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), dismissed plaintiff's Section 1983 claims against the State of New York with prejudice,

1

dismissed the remainder of the complaint without prejudice, and afforded him thirty days to file an amended complaint.  Dkt. No. 5 ("July 2025 Order").

Thereafter, the Court received an amended complaint from plaintiff.  Dkt. No. 7 ("Am. Compl.").  By Decision and Order entered on October 2, 2025, this Court reviewed the amended complaint for sufficiency in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), dismissed certain claims, and found that plaintiff's Fourth Amendment claim against New York State Police Officer Doe survived sua sponte review.  Dkt. No. 8 ("October 2025 Order").  Because plaintiff was not able to identify the "Doe" defendant with sufficient clarity to effect service upon this official, the Court directed the Clerk to send a copy of the amended complaint and the October 2025 Order to the New York State Attorney General's Office and requested that the New York State Attorney General's Office, pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (per curiam), attempt to ascertain the full name of this "Doe" defendant.  *Id*. at 8-9.

Thereafter, a representative from the New York State Attorney General's Office provided certain information to assist plaintiff with identifying the "Doe" defendant.  *See* Dkt. No. 11 ("Status Report").  By Text Order entered on November 10, 2025, the Honorable Paul J. Evangelista directed plaintiff to review the Status Report and, within thirty (30) days, submit an amended complaint substituting a named defendant in place of the "Doe" defendant.  Dkt. No. 12 ("November 2025 Order").[1]  Plaintiff was further advised that "his failure to timely comply with this Order may result in the dismissal of this action pursuant to Rules 4(m) and Rule 41(b) of the Federal Rules of Civil Procedure and Northern District of New York Local Rule 41.2(a)."  *Id*.

---

[1] In an effort to assist plaintiff in drafting the proposed second amended complaint, the Clerk was directed to send him a copy of his amended complaint.  *See* November 2025 Order.

2

On December 1, 2025, the November 2025 Order was returned to the Court as undeliverable, with a notation on the envelope indicating that plaintiff is "Not in Custody[.]" Dkt. No. 13.  Roughly two weeks later, a representative from the New York State Attorney General's Office filed a letter request for a teleconference with the Court.  Dkt. No. 14.

By Text Order entered on January 27, 2026, Judge Evangelista denied counsel's request for a court conference, directed plaintiff to "notify the court of his current address within fourteen (14) days" and sua sponte extended his deadline to file a second amended complaint to February 26, 2026.  Dkt. No. 15 ("January 2026 Order").  On February 11, 2026, the January 2026 Order was returned to the Court as undeliverable, with a notation on the envelope indicating that plaintiff is "Not in Custody[.]"  Dkt. No. 16.

## II.    DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute it, or to comply with the procedural rules or orders of the court.  Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962).[2]  This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases.  *See Freeman v. Lundrigan*, No. 95-CV-1190 (RSP/RWS), 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996); *see also Pena v. Zazzle Inc.*, 587 F. Supp. 3d 109, 114 (S.D.N.Y. 2022) (citation omitted) ("Although [the plaintiff's] failure to prosecute is a 'silent' failure," as opposed to one that is "vexatious and burdensome[,]" "the Court has a strong interest in managing its docket and cannot indefinitely wait for [the plaintiff] to turn his attention to this case. Furthermore, his

---

[2]  It is well-settled that the term "these rules" in Fed. R. Civ. P. 41(b) refers not only to the Federal Rules of Civil Procedure but also to the local rules of practice for a district court.  *See Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006).

'failure to comply with the court's order or make an attempt to prosecute this case dismisses his right to have the court hear his claim.").[3]

While it is the Court's obligation to assist with service when a pro se prisoner is proceeding in forma pauperis,[4] as in this case, the Court cannot do so unless and until the pro se plaintiff has provided the required documents. *See Carpio v. Luther*, No. 06-CV-0857, 2009 WL 605300, at *1 (W.D.N.Y. Mar. 9, 2009) (acknowledging the Court's "obligation to assist a pro se incarcerated litigant . . . to cause the summons and complaint to be served" but noting further that "the plaintiff nonetheless retains the obligation to provide the necessary information" for this to occur).[5]

Furthermore, Rule 10.1(c)(2) of the Local Rules of Practice of the Northern District states, in relevant part, that "[a]ll attorneys of record and pro se litigants must immediately

---

[3] Even though Rule 41(b) speaks only of a dismissal on a motion by a defendant, courts have recognized that the rule does not abrogate a district court's inherent power to dismiss a complaint, sua sponte, for failure to prosecute. *See Saylor v. Bastedo*, 623 F.2d 230, 238-39 (2d Cir. 1980). The correctness of a Rule 41(b) dismissal for failure to comply with an order of the court or the procedural rules of the court is determined in light of five factors: (1) the duration of the plaintiff's failure to comply with the court order (or the court's procedural rules), (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

[4] *See* Fed. R. Civ. P. 4(c)(3) (Marshals Service must be appointed to serve process when plaintiff is authorized to proceed in forma pauperis); 28 U.S.C. § 1915(d) ("[T]he officers of the court shall issue and serve all process and perform all duties in [in forma pauperis] cases."); *see also Wright v. Lewis*, 76 F.3d 57, 59 (2d Cir. 1996) ("By granting Wright leave to pursue his § 1983 claim in forma pauperis, Magistrate Smith shifted the responsibility for serving the complaint from Wright to the court."); *Kavazanjian v. Rice*, No. 03-CV-1923, 2005 WL 1377946, at *2 (E.D.N.Y. June 6, 2005) (noting that "[f]or plaintiffs proceeding in forma pauperis . . ., the U.S. Marshal's Office—not the plaintiff—is primarily responsible for effecting service.").

[5] Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, in the absence of a showing of good cause, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

notify the Court of any change of address."  N.D.N.Y. L.R. 10.1(c)(2) (emphasis omitted).[6]

This notification is essential to the orderly disposition of cases.  Indeed, as previously noted

in this District:

> It is neither feasible nor legally required that the clerks of the
> district courts undertake independently to maintain current
> addresses on all parties to pending actions.  It is incumbent upon
> litigants to inform the clerk of address changes, for it is manifest
> that communications between the clerk and the parties or their
> counsel will be conducted principally by mail.  In addition to
> keeping the clerk informed of any change of address, parties are
> obliged to make timely status inquiries.  Address changes
> normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany Cnty. Corr. Facility*, No. 6:95-CV-1525 (RSP/RWS), 1996 WL 172699, at *1

(N.D.N.Y. Apr. 10, 1996) (quoting *Perkins v. King*, No. 84-3310, slip op. at 4 (5th Cir. May

19, 1985)).

This matter cannot proceed without plaintiff's notification to the Court of his current

address, and an amended complaint that names a proper defendant for service.  Moreover,

plaintiff was previously advised that he has an obligation to name a proper defendant, and

maintain a current address, and that his failure to do either of these things may result in the

dismissal of this action.  *See* October 2025 Order at 9-10; November 2025 Order.  Thus, it is

unclear whether plaintiff wishes to continue with this action.

Accordingly, if plaintiff wishes to proceed with this action, he must do the following

within thirty (30) days: (1) notify the Court of his current address; and (2) comply with the

November 2025 Order and submit a second amended complaint naming the remaining "Doe"

defendant so that this case may proceed to service.  Plaintiff is advised that his failure to

---

[6]  Local Rule 41.2(b) provides that "[f]ailure to notify the Court of a change of address . . . within 14 days of a change in accordance with L.R. 10.1(c)(2) may result in the dismissal of any pending action."  N.D.N.Y.L.R. 41.2(b).

timely comply with this Decision and Order will result in the dismissal of this action without prejudice, without further order of this Court pursuant to Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure, and Northern District of New York Local Rules 10.1(c)(2) and 41.2(a).  *See Lyons v. City of New York*, No. 14-CV-9697, 2016 WL 3647694, at *4 (S.D.N.Y. June 30, 2016) ("The Court ordered Lyons to file a Second Amended Complaint naming the John Doe defendants within thirty days of receiving information about their identities from the City's counsel (see Docket No. 8), and subsequently reminded him of that obligation (see Docket No. 22). Lyons appears to believe that he did so (see Docket No. 23), but he did not. More importantly, he also failed to serve the John Doe Defendant identified by the City within the deadline set by Rule 4(m) of the Federal Rules of Civil Procedure. Accordingly, Lyons's claims against the John Doe captain must be and are dismissed for failure to serve as well."); *Wilson v. Doe*, No. 14-CV-6465, 2015 WL 4619936, at *2 (S.D.N.Y. July 29, 2015) (dismissing claims for failure to comply with a court order and failure to timely identify and serve a John Doe defendant despite the Court's efforts to assist him); *Dellutri v. Doe*, No. 11-CV-4396, 2012 WL 4714764, at *1 (S.D.N.Y. Oct. 2, 2012) ("Magistrate Judge Gorenstein properly determined that Plaintiff's complaint should be dismissed without prejudice for failure to comply with this Court's July 14, 2011 Order to amend his complaint within 30 days of receiving the names and addresses of the Doe defendants, and for failing to serve them within 120 days of the filing of the complaint pursuant to Fed.R.Civ.P. 4(m)").

III.    **CONCLUSION**

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff must, within thirty (30) days of the filing date of this Decision and Order, notify the Court of his current address and file a second amended complaint in

accordance with the November 2025 Order if he wishes to proceed with this action; and it is further

**ORDERED** that in the event plaintiff fails to timely comply with this Decision and Order, this action will be dismissed without prejudice without further Order of this Court and the Clerk shall close the case; and it is further

**ORDERED** that upon plaintiff's compliance with this Decision and Order, the file shall be returned to the Court for further review; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff at his last known address, along with a copy of the docket sheet and his amended complaint for his use in preparing a second amended complaint should he wish to do so.

**IT IS SO ORDERED**.

Dated: April 14, 2026
        Albany, NY

Anne M. Nardacci
U.S. District Judge

7